NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



FILED

OCT 23 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HRACH GEVORGYAN, et al.,<br><br>Petitioners,<br><br>v.<br><br>LORETTA E. LYNCH, Attorney General<br><br>Respondent. | No. 11-73498<br><br>Agency Nos. A097-883-901,<br>097-883-902<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 20, 2015**
Pasadena, California

Before: IKUTA and OWENS, Circuit Judges, and SESSIONS,*** District Judge.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable William K. Sessions III, District Judge for the U.S. District Court for the District of Vermont, sitting by designation.

Petitioners Hrach Gevorgyan and his wife, Aksana Simonyan, petition for review of a final order of removal issued by the Board of Immigration Appeals (BIA). We have jurisdiction under 8 U.S.C. § 1252, and deny the petition.

Gevorgyan, a citizen of Armenia, admits that he and his wife overstayed their tourist visas but argues that the BIA erred in denying them asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Gevorgyan claims that in 2004, he publicly questioned the circumstances surrounding the death of his brother, who died while in police custody. Soon after Gevorgyan made these public statements, he was allegedly abducted, beaten, and threatened with death if he did not leave the country. Simonyan's claim is derivative of her husband's.

The IJ concluded that Gevorgyan failed to carry his burden because his testimony was not credible, and the BIA agreed. Gevorgyan filed his asylum application before the effective date of the REAL ID Act. REAL ID Act, Pub.L. No. 109–13, § 101(h) (2005). Therefore, the pre-REAL ID Act standards govern our review of the adverse credibility finding, and "minor inconsistencies that do not go to the heart of an applicant's claim for asylum cannot support an adverse credibility determination." *Kaur v. Gonzales*, 418 F.3d 1061, 1064 (9th Cir. 2005).

The BIA's adverse credibility finding is reviewed for substantial evidence. *Singh v. Ashcroft*, 362 F.3d 1164, 1168 (9th Cir. 2004).

An alien's submission of a fraudulent document that goes to the heart of his asylum claim may be used to support an adverse credibility finding, *see Desta v. Ashcroft*, 365 F.3d 741, 745 (9th Cir. 2004), unless the alien had no reason to know that the document was fraudulent and his testimony is otherwise consistent and corroborated, *see Yeimane-Behre v. Ashcroft*, 393 F.3d 907, 911 (9th Cir. 2004). Substantial evidence supports the IJ's determination that Gevorgyan submitted a fraudulent death certificate for his brother: Gevorgyan failed to rebut the government's credibility testimony that official Armenian death certificates have used only offset printing for the past several decades. Gevorgyan's submission of a fraudulent death certificate goes to the heart of his asylum claim, which was based on persecution stemming from his investigation of his brother's death. *See Desta*, 365 F.3d at 745. Further inconsistencies regarding the number of stories Gevorgyan's brother fell and when and who informed Gevorgyan of his brother's death also go to the heart of his claim. Gevorgyan was given an opportunity to explain the inconsistencies, *cf. Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2014), but did not do so. Gevorgyan further failed to provide any relevant corroboration of his claim that his brother had died, or that he had appeared on

11-73498

television to discuss his brother's death. Thus, substantial evidence supports the IJ's adverse credibility determination.

Because Gevorgyan's testimony was not credible, we therefore conclude that substantial evidence supports the denial of the petitioners' applications for asylum and withholding of removal. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Substantial evidence also supports the BIA's denial of CAT protection. Gevorgyan's testimony was not credible, and country condition reports do not compel a contrary conclusion. *Id.* at 1157.

**PETITION DENIED**.